**THE HONORABLE MARY JO HESTON**
**CHAPTER 13**
**HEARING DATE: September 5, 2019**
**HEARING TIME: 1:00 P.M.**
**LOCATION: Tacoma, Washington**
**RESPONSE DATE: August 29, 2019**

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>NORA JANE CALDWELL,<br><br>Debtor. | Case No.: 18-43461-MJH<br><br>NOTICE OF HEARING AND MOTION TO APPROVE COMPROMISE AND AUTHORIZE DISBURSEMENTS |

## NOTICE

**YOU ARE HEREBY NOTIFIED** that a hearing on Trustee's Motion to Approve Compromise and Authorize Disbursements will be heard before the Honorable Mary Jo Heston at **1:00 p.m. on September 5, 2019**, at the Union Station, 1717 Pacific Avenue, Tacoma, Wa., 98402, Courtroom H.

**IF YOU OPPOSE** this motion, you must file your written response with the Court Clerk and deliver copies on the undersigned and all interested parties, NOT LATER THAN THE RESPONSE DATE, which is **August 29, 2019**. You should also appear at the time of hearing.

NOTICE OF HEARING AND MOTION TO
APPROVE COMPROMISE - 1

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

If you fail to do so, the Court may enter an order granting the motion without any hearing and without further notice.

## MOTION

**COMES NOW**, Michael G. Malaier, the Standing Chapter 13 Trustee, ("Trustee") by and through his attorney, Matthew J.P. Johnson, and moves the Court for an order approving the compromise of the claims in complaint filed under Adversary Number 19-04021-MJH.

## BACKGROUND

Debtor filed a petition for relief under Title 11, chapter 13, or the United State Code on October 13, 2018. On April 18, 2019, Trustee filed a complaint for recovery of $17,131.50 from LendingClub Corporation ("LendingClub") under 11 U.S.C. § 547. LendingClub filed an answer denying the allegations in the complaint, and raising various affirmative defenses.

The parties have agreed to a settlement of $9,000.00 to be paid within thirty days of the date of the order approving settlement. *See* attached Exhibit A. The parties wish to settle this agreement due to the limited amount of funds in controversy compared with the time and cost for litigation of this issue. Further, LendingClub has raised defenses and provided documents indicating that the loan may have been canceled prior to disbursement. Due to the uncertainty of outcome for either party, the parties believe that the settlement $9,000.00 is fair and reasonable.

LendingClub will have an allowed claim pursuant to 11 U.S.C. § 502(h), after receipt of the settlement funds by the trustee. The adversary proceeding will be dismissed with prejudice; provided, however, that the adversary case may be reopened to address any issues that arise in the implementation of the settlement. A copy of the settlement agreement is attached hereto as Exhibit A.

NOTICE OF HEARING AND MOTION TO
APPROVE COMPROMISE - 2

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

## AUTHORITY

The court has great latitude in approving compromise agreements and may approve a compromise if it is "fair and equitable." *In re Woodson*, 839 F. 2nd 619, 620 (9th Cir. 1988). An order approving a compromise will be upheld absent abuse of discretion. *In re A & C Properties*, 784 F. 2nd 1977 (9th Cir. 1986). To determine whether a compromise is fair and equitable, the court should consider the probability of success in the litigation, the difficulties to be encountered in collection, the litigations' complexity and its attendant expense, inconvenience and delay, and the paramount interest of the creditors with a proper deference to their reasonable views. *In re MGS Marketing*, 111 B.R. 264 (9th Cir. BAP 1990); *In re Woodson, supra*; *In re A & C Properties, supra*.

A compromise should be approved if the trustee establishes to the reasonable satisfaction of the court that it is prudent to eliminate the risks and delays of litigation to achieve certainty rather than a possible ultimate recovery. *In re Central Ice Cream Co.*, 59 B.R. 476, 487-488 (Bankr. N.D. Ill. 1985). The court's responsibility is to canvass the issues and see whether the settlement "falls below the lowest point in the range of reasonableness." *In re Heissinger Resources Ltd.*, 67 B.R. 378, 383 (C.D. Ill, 1986)( citing, *In re W.T. Grant Co.,* 699 F.2nd 599, 608 (2nd Cir. 1983)).

Trustee believes that the settlement is reasonable and fair and satisfies the factors set forth in *In re A & C Properties*, 784 F. 2nd 1977 (9th Cir. 1986).

//
//
//
//
//
//

NOTICE OF HEARING AND MOTION TO
APPROVE COMPROMISE - 3

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

**WHEREFORE**, the Trustee requests that the Court approve the settlement and authorize disbursements as set forth above.

**DATED** this 7th day of August 2019, by:

/s/ Matthew J.P. Johnson
Matthew J.P. Johnson, WSBA #40476
Attorney for
Michael G. Malaier, Chapter 13 Trustee

## CERTIFICATE OF MAILING

I certify under penalty of perjury under the laws of the United States I caused to be mailed via regular mail a true and correct copy of Motion to Approve Settlement and Proposed Order all creditors, Debtor and Debtor's Attorney listed on the attached mailing matrix

The following parties received notice via ECF:

- Manish Borde
- Ellen Brown
- United States Trustee

Executed at Tacoma, Washington this 7th day of August, 2019.

/s/ Tracy Maher
Tracy Maher
Motion Coordinator for
Chapter 13 Trustee

NOTICE OF HEARING AND MOTION TO
APPROVE COMPROMISE - 4

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600