# SETTLEMENT AGREEMENT

Michael G. Malaier, Chapter 13 Standing Trustee, ("Trustee") and LendingClub Corporation, a Delaware corporation ("LendingClub"), it successors, assigns, affiliates, and agents hereby stipulate and agree as follows:

I. Recitals

   A. Nora Jane Cladwell ("Debtor") filed a petition for relief under Title 11, chapter 13, of the United States Code on October 13, 2018 (the "Petition Date"), under case number 18-43461-MJH (the "Bankruptcy Case") in the United States Bankruptcy Court for the Western District of Washington.

   B. Michael G. Malaier is the Chapter 13 Standing Trustee for the Debtor's chapter 13 bankruptcy estate ("Estate").

   C. Debtor listed a Transfer to Lending Club in the amount of $17,131.50 on her amended statement of financial affairs [Docket No. 14] that occurred within ninety days of the Petition Date (the "Transfer").

   D. Trustee filed an Adversary Proceeding against LendingClub on April 18, 2019, under Adversary Proceeding number 19-04021-MJH, for the recovery of claims under 11 U.S.C. §§ 547, 542.

   E. LendingClub disputes the allegations asserted in the Adversary Proceeding and has asserted numerous defenses.

   F. The parties wish to settle this matter based on the risks of litigation, the costs of litigation compared to the total amount in controversy, and in an effort to avoid further costs.

II. Terms

   Now Therefore, in consideration of the foregoing and the agreements of the parties, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledge, the parties hereby stipulate and agree as follows:

   A. <u>Bankruptcy Court Approval</u>: This Settlement Agreement is subject to, and shall not become effective, until it is approved by written order of the United States Bankruptcy Court for the Western District of Washington. Upon execution and delivery of this Settlement Agreement (the "Execution Date"), Trustee will

prepare and file a motion seeking Bankruptcy Court approval of this Settlement Agreement. If the Bankruptcy Court fails to enter an order approving the material terms of this Settlement Agreement, this Settlement Agreement shall be null and void and have no further force and effect.

B. <u>Settlement Payment</u>: LendingClub will pay Trustee $9,000.00 within thirty (30) days of the order approving this Settlement Agreement (the "Settlement Payment"). The Settlement Payment will be made payable to "Michael G. Malaier, Chapter 13 Standing Trustee", and delivered two 2122 Commerce Street, Tacoma, WA 98402.

C. <u>Release</u>

   1. Upon entry of the final of the Order Approving Compromise, and after receipt and clearance of the Settlement Payment, Trustee, for himself, his successors, assigns and agents and for the Estate hereby releases and forever discharges LendingClub, its current and former representatives, directors, officers, shareholders, attorneys, trustees, insurers, employees, agents, subsidiaries, parents and related entities, successors, assigns and agents, from any and all actual or potential claims, demands, costs, liabilities, obligations, suits, actions and causes of action of any and every nature, kind or description, whether legal or equitable, known or unknown, liquidated or unliquidated, contingent or non-contingent, suspended or unsuspended arising from or in connection with the Transfer.

   2. Upon entry of a final and non-appealable order approving this Settlement Agreement, LendingClub, for itself, its successors, assigns and agents, hereby releases Trustee, his successors, assigns and agents and the Estate from any actual or potential claims, causes of action, or demands relating to the Transfer.

D. <u>Allowed Unsecured Claim</u>:  LendingClub shall have an allowed an unsecured claim in the amount of $9,000.00 upon clearance of the Settlement Payment and provided that LendingClub files its claim within thirty (30) days of the entry of the Order Approving Compromise.

E. <u>Dismissal</u>: The Adversary Proceeding shall be held in abeyance pending Bankruptcy Court approval of this Settlement Agreement. Upon entry of a final and non-appealable order approving this Settlement Agreement, and after Trustee's receipt and clearance of the Settlement Payment, Trustee shall promptly obtain the dismissal with prejudice of all claims asserted in Adversary

Proceeding; provided, however, either party may reopen the Adversary Proceeding as necessary to enforce the terms of this agreement.  Each party to bear its own attorneys' fees and costs.

F. <u>Default</u>: In the event that LendingClub does not send the Settlement payment to Trustee, or the Settlement Payment fails to clear, Trustee may resume litigation of the Adversary Proceeding and this agreement will be null and void.

G. <u>Governing Law</u>: This Settlement Agreement shall be governed and construed in accordance with the law and rule applicable to the United States Bankruptcy Court for the Western District of Washington. This Settlement Agreement will be governed by the substantive law of the State of Washington.

H. <u>Forum</u>: Any controversies regarding this Settlement Agreement will be resolved in the United States Bankruptcy Court for the Western District of Washington, Tacoma, which will retain jurisdiction over the subject matter and the parties for purposes of resolving disputes and enforcing this agreement.

I. <u>Binding Nature</u>: This Settlement Agreement will inure to the benefit of, and be binding upon, the respective agents, predecessors, successors, and assigns of the parties, the creditors and the Estate.

J. <u>Counterparts</u>: This Settlement Agreement may be executed in counterparts with the same force and effect as though all signatures appeared on one original document. Facsimile signatures and electronic signatures are binding and enforceable as if they were originals.

K. <u>No Admissions</u>: This Settlement Agreement is being entered into solely as a settlement of claims, and does not represent an admission by the parties hereto of any liability with respect to the claims and/or defenses asserted or which could have been asserted relating to the Transfer and the Adversary Proceeding.

L. <u>Amendment</u>: This Settlement Agreement may only be amended in writing, signed by all parties to this Settlement Agreement.

M. <u>Headings</u>: The headings contained in this Settlement Agreement are for reference only, and do not affect the meaning or interpretation of this Settlement Agreement.

N. <u>Severability</u>:  In any term or other provision of this Settlement Agreement is invalid, illegal, or incapable of being enforced by rule of law or public policy, all other conditions and provision of this Settlement Agreement will remain in full force and effect.

O. <u>Entire Agreement</u>: This Settlement Agreement constitutes the entire agreement of the parties and supersedes all prior agreements and undertakings, both written and oral, between the parties with respect to the subject matter hereof.

P. <u>Representation of the Parties</u>: Each person executing this Settlement Agreement on behalf of a party represents and warrants that they are authorized and have the legal capacity to sign this Settlement Agreement and bind the party for whom they sign.

_____           _____
Dated                                                                     Name: Michael G. Malaier
                                                                                    WSBA# 34729
                                                                                    Title: Chapter 13 Trustee




_____           _____
Dated                                                                     Name:
                                                                                    Title:
                                                                                    For: LendingClub Corporation